# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CHRISTOPHER SCHUETTE,<br>Defendant. | Case No. 22-cr-00233-BLF-1<br><br>**ORDER DENYING MOTION TO SEAL AND REQUIRING REDACTED EXHIBITS BE FILED BY JANUARY 17, 2023**<br><br>[Re: ECF No. 89] |

On December 20, 2022, the Government filed an administrative motion to file under seal two exhibits to its Motion *in Limine* No. 1. *See* ECF No. 89 ("Motion"). Defendant does not oppose the Motion. The Court has considered the Motion and supporting declaration. For the following reasons, the Court DENIES the Government's motion to seal the entirety of the exhibits and ORDERS the Government to submit a narrowly tailored request by January 17, 2023.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). In determining whether the common law right of access applies to documents, the Ninth Circuit instructs that courts should look to whether the documents are "judicial records, which are those materials on which a court relies in determining the litigants' substantive rights," as opposed to documents that "relate merely to the judge's trial management role." *United States v. Sleugh*, 896 F.3d 1007, 1014 (9th Cir. 2018) (internal quotation marks and citations omitted). If a presumptive right of access applies under the common law, then it can "be overcome only by a showing of a 'compelling reason.'" *United States v. Carpenter*, 923 F.3d 1172, 1178-79 (9th Cir.

2019) (quoting *Sleugh*, 896 F.3d at 1013). The Ninth Circuit in *Sleugh* noted that its holding was consistent with its decision in *Center for Auto Safety*, in which it applied the compelling reasons standard to filings in civil cases that are "more than tangentially related to the merits of a case." *Sleugh*, 896 F.3d at 1014 (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097-99 (9th Cir. 2016)); *see also United States v. Miske*, Nos. 19-cr-00099-DKW-KJM-1, 22-mc-00008-DKW-KJM, 2022 WL 1073797, at *3 (D. Hawai'i Apr 8, 2022) (summarizing *Sleugh* and *Center for Auto Safety*). Alternatively, documents for which the common law right of access does not apply, namely filings that are only tangentially related to the merits of the case, may be sealed upon a lesser showing of "good cause." *Ctr. for Auto Safety*, 809 F.3d at 1097.

Criminal Local Rule 56-1, which governs the filing of documents under seal in criminal cases in this district, provides in relevant part:

> [N]o document may be filed under seal (*i.e.*, closed to inspection by the public) except pursuant to a court order that authorizes the sealing of the particular document, or portions thereof. A sealing order may issue only upon a request that establishes that a document is sealable because, for example, the safety of persons or a legitimate law enforcement objective would be compromised by the public disclosure of the contents of the document. The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Crim. L.R. 56-1(c).

Crim. L.R. 56-1(b).

Under Criminal Local Rule 56-1(c), a party seeking to file a document, or portions thereof, under seal must "[f]ile and serve . . . an Administrative Motion to File Under Seal, in conformance with Civil L.R. 7–11." Crim. L.R. 56-1(c)(1). The administrative motion must additionally include a declaration establishing that the document or portions of the document the submitting party seeks to file under seal are sealable, a narrowly tailored proposed order indicating the material to be sealed, and both a redacted and unredacted version of the documents to be sealed, unless the party seeks to seal the entire document. Crim. L.R. 56-1(c)(2).

## II.   ANALYSIS

The exhibits that the Government seeks to seal are records of communications between an Instagram user the Government believes is Defendant and other Instagram users, including one individual who identified herself as an 11-year-old girl and who sent images and videos that may constitute illicit child sexual abuse material ("CSAM"). Declaration of Nicholas Parker, ECF No.

89-1 ("Parker Decl.") ¶ 4.  The Government seeks to file these exhibits under seal to protect the privacy of the other Instagram users, including the identified 11-year-old child, and "to avoid publicly identifying any Instagram users who may be trafficking in child pornography."  *Id.* ¶ 5.  The Court finds that sealing the names of the other Instagram users would protect the safety of those persons and it would further the legitimate law enforcement objective of preventing public knowledge of specific Instagram users who are trafficking in child pornography.  But the Court finds that the proposed sealing is not narrowly tailored.  The Court is not convinced that the entire exhibits need to be sealed.  The identified purposes of sealing would be equally served by redactions of the names of the other Instagram users, as well as any links to material that may constitute CSAM.

**III.    ORDER**

For the foregoing reasons, the Court DENIES the Government's administrative motion to seal the entirety of the exhibits.  The Court ORDERS the Government to submit a narrowly tailored request, with proposed redactions, by January 17, 2023.  The exhibits will remain sealed until that time.

Dated:  January 11, 2023

_____
BETH LABSON FREEMAN
United States District Judge

3