1

2

3

**UNITED STATES DISTRICT COURT**

4

**NORTHERN DISTRICT OF CALIFORNIA**

5

**SAN JOSE DIVISION**

6

7

UNITED STATES OF AMERICA,

Case No.  22-cr-00233-BLF-1

8

Plaintiff,

9

v.

**ORDER RE MOTIONS *IN LIMINE***

10

CHRISTOPHER SCHUETTE,

[Re:  ECF Nos. 72, 73, 74, 76, 77, 78, 79,

11

Defendant.

80, 81, 82, 83, 84, 85, 86, 87, 88, 94]

12

13
    Defendant Christopher Schuette has been charged with one count of possession of child

14
pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) and one count of coercion and

15
enticement of a minor and attempted coercion and enticement of a minor in violation of 18 U.S.C.

16
§ 2422(b).  *See* ECF No. 39 ("Superseding Indictment").  The Court held a Pretrial Conference on

17
January 6, 2023, during which it issued oral rulings on the Parties' motions *in limine*.  The rulings

18
on the motions *in limine* are summarized as follows:

19
   • Government's MIL No. 1, ECF No. 76 ("Gov't MIL 1"):  GRANTED IN PART AND

20
      DENIED IN PART

21
   • Government's MIL No. 2, ECF No. 77 ("Gov't MIL 2"):  GRANTED

22
   • Government's MIL No. 3, ECF No. 78 ("Gov't MIL 3"):  GRANTED

23
   • Government's MIL No. 4, ECF No. 79 ("Gov't MIL 4"):  GRANTED

24
   • Government's MIL No. 5, ECF No. 80 ("Gov't MIL 5"):  GRANTED

25
   • Government's MIL No. 6, ECF No. 81 ("Gov't MIL 6"):  DEFERRED

26
   • Government's MIL No. 7, ECF No. 82 ("Gov't MIL 7"):  DEFERRED

27
   • Government's MIL No. 8, ECF No. 83 ("Gov't MIL 8"):  DEFERRED

28
   • Government's MIL No. 9, ECF No. 84 ("Gov't MIL 9"):  DEFERRED

United States District Court
Northern District of California

United States District Court
Northern District of California

1    • Government's MIL No. 10, ECF No. 85 ("Gov't MIL 10"):  DEFERRED

2    • Government's MIL No. 11, ECF No. 86 ("Gov't MIL 11"):  DEFERRED

3    • Government's MIL No. 12, ECF No. 87 ("Gov't MIL 12"):  GRANTED IN PART

4       AND DENIED IN PART

5    • Government's MIL No. 13, ECF No. 88 ("Gov't MIL 13"):  DENIED

6    • Defendant's MIL No. 1 ECF No. 72 ("Def. MIL 1"):  DEFERRED

7    • Defendant's MIL No. 2, ECF No. 73 ("Def. MIL 2"):  DENIED

8    • Defendant's MIL No. 3, ECF No. 94 ("Def. MIL 3"):  DEFERRED

9    • Defendant's MIL No. 4, ECF No. 74 ("Def. MIL 4"):  DEFERRED

10   **I.   GOVERNMENT'S MOTIONS *IN LIMINE***

11       The Government filed thirteen motions *in limine*.  Defendant opposed several of the

12   motions.  *See* ECF Nos. 90-93.  The Court considers each motion *in limine* in turn.

13       **A.   Government's Motion *in Limine* No. 1 to Admit Evidence of Defendant's Social
           Media Activity**

14       In its first motion *in limine*, the Government moves to admit certain evidence of

15   Defendant's activity on social media platforms, including Instagram, under Rule 404(b)(2).  Gov't

16   MIL 1 at 1.  The Government seeks to admit an Instagram conversation between Defendant and

17   another Instagram user dated February 5, 2022 (the "Conversation").  *See* Gov't MIL 1 at 4 (citing

18   Ex. B at CS-01315-20).  The portion of the Conversation that the Government seeks to introduce

19   includes the other user asking "What kind of videos and pictures do you think are hottest," and the

20   "rogueguardsman" account, which allegedly belongs to Defendant, responding, "Hehe any lil girl

21   7-12…but if ya know the Tara series…yeah, that really hot."  *Id.* (citing Ex. B at CS-01315-16).

22   The Conversation continues with the other user responding "I don't know the Tara series..," and

23   "rogueguardsman" responding, "Oh…wbt Sweet_Sugar series?"  *Id.* (citing Ex. B at CS-01316).

24   "Tara" and "Sweet_Sugar" are allegedly "series" of Child Sexual Abuse Material ("CSAM")

25   images.  *Id.* at 4-5.  The Government argues that this Conversation is admissible under Rule

26   404(b)(2) to prove opportunity, intent, preparation, plan, knowledge, absence of mistake, and/or

27   lack of accident.  *Id.*  The Government also asserts that, at the least, it should be allowed to

28

2

United States District Court
Northern District of California

1   introduce the Conversation for purposes of cross-examination under Rule 608 if the Defense puts

2   at issue Defendant's alleged interest in CSAM.  *Id.* at 5.

3         The Defense asserts that this Conversation about alleged CSAM series does not have any

4   relevance to the charged offense unless the Defense presents evidence that contests Defendant's

5   alleged interest in CSAM.  ECF No. 90 at 2.  The Defense also argues that the Conversation

6   should be excluded as more prejudicial than probative pursuant to a Rule 403 analysis.  *Id.*

7         **1.  Rule 404(b) and Rule 403**

8           a.  Rule 404(b)

9         Rule 404(b) states that "[e]vidence of any other crime, wrong, or act is not admissible to

10   prove a person's character in order to show that on a particular occasion the person acted in

11   accordance with that character."  Fed. R. Evid. 404(b)(1).  The Rule does allow that evidence to be

12   admitted "for another purpose, such as proving motive, opportunity, intent, preparation, plan,

13   knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2).  Other bad

14   acts evidence is admissible under Rule 404(b) "if: (1) the evidence tends to prove a material point;

15   (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that

16   defendant committed the other act; and (4) (in certain cases) the act is similar to the offense

17   charged."  *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002) (quoting *United States v.*

18   *Chea*, 231 F.3d 531, 534 (9th Cir. 2000)).  The Court analyzes each factor in turn.

19         <u>Material Point</u>.  The prior bad acts evidence must "tend[] to prove a material point" in the

20   case.  *Romero*, 282 F.3d at 688.  The Government asserts that the Conversation is probative of

21   Defendant's knowledge and intent, both material in this case, as it shows that he thinks videos and

22   pictures of "any lil girl 7-12" are "hottest" and that he is aware of two CSAM series.  Gov't MIL 1

23   at 4-5.

24         <u>Remoteness in Time</u>.  The prior bad acts must "not [be] too remote in time" from the

25   charged acts.  *Romero*, 282 F.3d at 688.  Here, Defendant was released from prison on December

26   30, 2021; the Conversation occurred on February 5, 2022; and he was arrested on February 9,

27   2022.  Gov't MIL 1 at 5.  The conduct is not too remote in time from the charged acts.

28         <u>Sufficient Proof</u>.  There must be sufficient proof to find that defendant committed the other

1   bad act. *Romero*, 282 F.3d at 688.  This is a "low threshold" for the Government. *Id.* There is

2   sufficient proof of the other bad act if "there is sufficient evidence to support a finding by the jury

3   that the defendant committed the similar act." *Huddleston v. United States*, 485 U.S. 681, 685

4   (1988).  The Government has stated that its evidence at trial will show that Defendant controlled

5   the "rogueguardsman" Instagram account.  Gov't MIL 1 at 3.

6   <u>Sufficient Similarity</u>.  Finally, the prior bad acts must be "similar to the offense charged."

7   *Romero*, 282 F.3d at 688.  The Government asserts that the Defendant's statements in the

8   Conversation "relate closely to the charged offenses."  Gov't MIL 1 at 5.

9   For the reasons provided by the Government, the Court finds the Conversation satisfies the

10   requirements of Rule 404(b).  The Court now turns to an analysis under Rule 403.

11   b.   Rule 403

12   "If the evidence meets the test under Rule 404(b), the court must then decide whether the

13   probative value is substantially outweighed by the prejudicial impact under Rule 403." *Romero*,

14   282 F.3d at 688 (quoting *Chea*, 231 F.3d at 534).  Rule 403 provides that a "court may exclude

15   relevant evidence if its probative value is substantially outweighed by a danger of one or more of

16   the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

17   time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

18   The Defense argues that the Court should exclude this evidence under Rule 403 because

19   the probative value is outweighed by its prejudicial effect.  ECF No. 90 at 2.  The Defense argues

20   that the probative value of the Conversation is minimal, as it has "no independent relevance to any

21   charged offense" unless the Defense contests Defendant's interest in CSAM.  *Id.*  The Defense

22   argued at the Pretrial Conference that there is a lack of foundation as to the alleged CSAM series

23   and that the Conversation is highly prejudicial.

24   The Court agrees that the Conversation should be excluded from Government's case-in-

25   chief under Rule 403 because the prejudicial effect significantly outweighs the probative value.

26   The Court shares Defendant's concern regarding a lack of foundation for what "Tara" and

27   "Sweet_Sugar" refer to or mean.  The Court also finds that the Conversation is only marginally

28   probative of the issues in the case, including Defendant's knowledge, intent, and lack of mistake,

United States District Court
Northern District of California

1    above and beyond the Government's other evidence described in its Motion *in Limine* No. 1.  And

2    the Court finds that admitting the Conversation could substantially prejudice Defendant given its

3    inflammatory nature.  The prejudice significantly outweighs the probative value under Rule 403.

4    The Court will therefore preclude the Government from presenting the Conversation as evidence

5    in its case-in-chief.

6               **2.  Rule 608**

7         The Government argues that it should be permitted to cross-examine Defendant about the

8    identified Instagram conversation under Rule 608 if he testifies or suggests that "he does not have

9    a prurient interest in children or knows nothing of child pornography."  Gov't MIL 1 at 5.  The

10   Defense does not oppose.  ECF No. 90 at 1-2.

11        The Court agrees with both parties that this Instagram Conversation could potentially be

12   introduced at trial under Rule 608 if the Defense presents evidence contesting Defendant's interest

13   in CSAM.

14                              * * * * *

15        The Court GRANTS IN PART and DENIES IN PART the Government's Motion *in*

16   *Limine* No. 1.  The Government may not introduce the Conversation in its case-in-chief under

17   Rules 404(b) and 403.  The Government may potentially introduce the Conversation as evidence

18   under Rule 608 under the circumstances described above.  The Government is not precluded from

19   using Defendant's statement that he thinks "lil girl 7-12" is "hottest" as evidence as a statement of

20   the Defendant.

21        **B.    Government's Motion *in Limine* No. 2 to Admit Evidence of Defendant's Prior
           Conviction**

22

23        In its second motion *in limine*, the Government moves to admit evidence of Defendant's

     prior conviction under Rule 414 or 404(b)(2).  Gov't MIL 2 at 1.  In April 2016, Defendant was

24

     convicted of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2).  *See United*

25

     *States v. Schuette*, No. 5:15-cr-00316-BLF.  The Government seeks to admit the fact of

26

     Defendant's conviction, via a redacted copy of the Judgment, as well as Defendant's admissions in

27

     Paragraph 2 of the plea agreement.  Gov't MIL 2 at 3; *see* ECF No. 75 Exs. A (2016 Judgment), B

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    (2016 plea agreement).

2        The Defense did not file an opposition to the Government's Motion *in Limine* No. 2 but

3    indicated at the Pretrial Conference that Defendant's Motion *in Limine* No. 2, which seeks to

4    exclude evidence of Defendant's prior conviction, would serve as the opposition.  *See* Def. MIL 2.

5        **1. Rule 414**

6        Rule 414 provides that "[i]in a criminal case in which a defendant is accused of child

7    molestation, the court may admit evidence that the defendant committed any other child

8    molestation."  Fed. R. Evid. 414(a).  The Rule defines "child molestation" to include crimes

9    involving conduct in violation of 18 U.S.C. § 2252.  Fed. R. Evid. 414(d)(2); *see also United*

10   *States v. Hanson*, 936 F.3d 876, 881 (9th Cir. 2019) (recognizing that Rule 414 includes "the

11   receipt and possession of child pornography under 18 U.S.C. § 2252(a)").  In deciding whether

12   evidence is admissible under Rule 414, a court must consider "(1) the similarity of the prior acts to

13   the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of

14   the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the

15   evidence beyond the testimonies already offered at trial."  *Hanson*, 936 F.3d at 881 (citing *United*

16   *States v. LeMay*, 260 F.3d at 1026-28 (9th Cir. 2001)).

17       <u>Similarity.</u>  Both cases involve violations of 18 U.S.C. § 2252(a).  In the 2016 case,

18   Defendant was also accused of possessing hundreds of images depicting CSAM.  Gov't MIL 2 at

19   3.  And in that case there was evidence that Defendant used social media platforms to

20   communicate with and solicit CSAM from minors.  *Id.*

21       <u>Closeness in Time.</u>  The 2016 conviction was based on conduct over the course of 2013 to

22   2015.  Gov't MIL 2 at 3.  Defendant was incarcerated until December 2021, and he committed the

23   current offenses just a few months later.  *Id.*

24       <u>Frequency.</u>  The 2016 conviction was based on acts that took place over several years.  *See*

25   Gov't MIL 2 at 3.

26       <u>Intervening Circumstances.</u>  There are no intervening circumstances, as Defendant had

27   been out of prison from the 2016 conviction for fewer than six weeks when he was arrested in

28   relation to the current case.  Gov't MIL 2 at 3.

United States District Court
Northern District of California

1    Necessity.  The Government argues that the prior conviction is "'helpful to prove' that

2    [Defendant] 'knowingly possessed child pornography images—i.e., the *mens rea* of the charged

3    crimes.'"  Gov't MIL 2 at 4 (quoting *Hanson*, 936 F.3d at 882).  As the Ninth Circuit decided in

4    *Hanson*, this is sufficient.  936 F.3d at 882 (citing *LeMay*, 260 F.3d at 1029 ("Prior acts evidence

5    need not be *absolutely necessary* to the prosecution's case in order to be introduced; it must

6    simply be helpful or *practically necessary*.")).

7    The Court finds that the prior conviction satisfies Rule 414.  It next moves to the Rule 403

8    analysis.

9    **2.  Rule 403**

10   Evidence that is allowable under Rule 414 is still subject to the balancing test of Rule 403,

11   by which the court weighs the probative value of the evidence against its prejudicial effect.

12   *Hanson*, 936 F.3d at 881 (citing *LeMay*, 260 F.3d at1026-27); *see* Fed. R. Evid. 403.  The Defense

13   argues that Defendant's prior conviction should be excluded under the Rule 403 balancing test

14   because the prejudicial effect of the prior conviction outweighs its probative value.  Def. MIL 2 at

15   2-3.  The Defense argues that the prior conviction would violate Defendant's due process rights

16   because there is a likelihood the jury would base the verdict on his prior conviction.  *Id.* at 2.  The

17   Defense further argues that because of the "moral opprobrium connected to child pornography,"

18   there is a high risk that the jury will be unable to follow the Court's instructions and consider the

19   evidence in this case.  *Id.*

20   The Court disagrees with the Defense as to the Rule 403 balancing test.  First, the Court

21   finds that the evidence is highly probative of the essential elements of the charged crime including

22   knowing possession, given the purpose of Rule 414.  Second, the Court finds that the prejudicial

23   effect is minimal.  The Court looks at the prejudicial effect of the prior conviction in light of the

24   facts of this case.  And the Government is not seeking to introduce a conviction that is different

25   from what is already at issue in this case.  The prior conviction is not likely to be any more

26   inflammatory to the jury than the facts of the current case, as both involve CSAM.  The Court

27   therefore finds that the probative value of the prior conviction outweighs any potential prejudicial

28   effect.

1

\* \* \* \* \*

2      The Court GRANTS the Government's Motion *in Limine* No. 2.  The Court finds that the

3  evidence of the prior conviction is admissible under Rules 414 and 403.  It does not need to reach

4  the question of whether it is admissible under Rule 404(b).  As stated above, the Government

5  plans to introduce a redacted version of the 2016 Judgment and a paragraph from the 2016 plea

6  agreement.  At the Pretrial Conference, the parties indicated that they would confer as to

7  redactions to the 2016 Judgment.

8      **C.      Government's Motion *in Limine* No. 3 to Exclude Argument and Evidence that Deleting Child Pornography Files is a Defense to Possession**

9

10      In its third motion *in limine*, the Government requests the Court preclude the Defense from

11  arguing that Defendant "cannot (or should not) be convicted because (i) he deleted some or all of

12  the child pornography materials from his phone; and/or (ii) the child pornography materials

13  extracted from his phone were found primarily in unallocated space or in file 'caches.'"  Gov't

14  MIL 3 at 3.  The Defense agrees that deletion is neither an affirmative defense nor a fact that

15  requires acquittal.  ECF No. 91 at 1.  The Defense does oppose any suggestion that it is precluded

16  from arguing that the fact that certain images were located in unallocated space or cache is

17  relevant to determining whether Defendant knowingly possessed child pornography.  *Id.* at 2.

18      The Court GRANTS the Government's Motion *in Limine* No. 3 to preclude the Defense

19  from arguing that deletion is a defense to possession.  The Court will grant leeway to the Defense

20  regarding other inferences that can be drawn from the deletions, subject to trial objections from the

Government.

21

22      **D.      Government's Motion *in Limine* No. 4 to Bar the Defendant from Offering His Own Out-Of-Court Statements**

23      In its fourth motion *in limine*, the Government moves to bar Defendant from offering his

24  own out-of-court statements for their truth under Rule 801.  Gov't MIL 4 at 1-2.  Defendant does

25  not oppose this motion.

26      The Court GRANTS the Government's Motion *in Limine* No. 4.

27

28

United States District Court
Northern District of California

**E.      Government's Motion *in Limine* No. 5 to Prohibit Jury Nullification and to Preclude References to Punishment in the Jury's Presence**

In its fifth motion *in limine*, the Government moves to preclude the Defense from pursuing jury nullification or from referring to the potential sentence or punishment that Defendant faces if convicted.  Gov't MIL 5 at 1.  Defendant opposes this motion on the basis that it does not "address material issues before the court."  ECF No. 92 at 2.

"It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict."  *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1992); *see also Rogers v. United States*, 422 U.S. 35, 40 (1975) (jury should have been admonished that it "had no sentencing function and should reach its verdict without regard to what sentence might be imposed").

The Court GRANTS the Government's Motion *in Limine* No. 5.

**F.      Government's Motion *in Limine* No. 6 to Preclude Efforts to Elicit Juror Sympathy, Including by Reference to the Defendant's Mental Health**

In its sixth motion *in limine*, the Government asks the Court to preclude the Defense from eliciting jury sympathy, particularly by presenting argument on or eliciting evidence about Defendant's background, and specifically his mental health issues.  Gov't MIL 6 at 3.  The Defense asserts that the motion is premature to the extent it anticipates evidence that has not been noticed or proffered.  *See* ECF No. 93 at 2.  The Defense further disagrees that a blanket prohibition on discussion of Defendant's mental health issues is proper.  *Id.*  During the Pretrial Conference, the parties stated that they would work on a stipulation for the Court to read to the jury about Defendant's mental health issues.

The Court DEFERS ruling on the Government's Motion *in Limine* No. 6.  It will address any specific objections as they come up at trial.

**G.      Government's Motion *in Limine* No. 7 to Prohibit Improper Litigation of Suppression Issues at Trial**

In its seventh motion *in limine*, the Government requests the Court preclude the Defense from arguing or suggesting that the arrest or search of Defendant was unlawful or that any evidence in this case was unlawfully obtained.  Gov't MIL 7 at 2.

The Court DEFERS ruling on the Government's Motion *in Limine* No. 7.  It will address

United States District Court
Northern District of California

9

1    any specific objections as they come up at trial.

**H.    Government's Motion *in Limine* No. 8 to Preclude Evidence that Could Have Been, But Was Not, Produced in Discovery**

In its eighth motion *in limine*, the Government requests the Court preclude the Defense from introducing evidence that should have been, but was not, produced under Federal Rules of Criminal Procedure 16(b) and 26.2.  Gov't MIL 8 at 1.  Defendant opposes this motion on the basis that it does not "address material issues before the court."  ECF No. 92 at 2.

The Court DEFERS ruling on the Government's Motion *in Limine* No. 8.  It will address any specific objections as they come up at trial.

**I.    Government's Motion *in Limine* No. 9 to Limit Opening Statements to Facts that Counsel Reasonably Anticipates Will Be Adduced at Trial**

In its ninth motion *in limine*, the Government requests that the Court prohibit both parties from referring to facts in their opening statements that they do not reasonably anticipate will be supported by admissible evidence at trial.  Gov't MIL 9 at 2.  Defendant opposes this motion on the basis that it does not "address material issues before the court."  ECF No. 92 at 2.

The Court DEFERS ruling on the Government's Motion *in Limine* No. 9.  The Court has no basis on which to know what evidence the parties will produce at trial.  The Court will address any specific objections as they come up at trial.

**J.    Government's Motion *in Limine* No. 10 to Exclude Evidence of, or Reference to, Undisclosed Affirmative Defenses**

In its tenth motion *in limine*, the Government requests that the Court require the Defense to provide notice of, and evidence supporting, any affirmative defenses it intends to raise, and to preclude any affirmative defense of which the Defense does not provide notice or an evidentiary basis.  Gov't MIL 10 at 2.  Defendant opposes this motion on the basis that it does not "address material issues before the court."  ECF No. 92 at 2.

The Court DEFERS ruling on the Government's Motion *in Limine* No. 10.  Defendant currently has no affirmative defenses.  If that changes, the Court will address any related objections at trial.

United States District Court
Northern District of California

United States District Court
Northern District of California

**K.      Government's Motion *in Limine* No. 11 to Require a Good-Faith Basis for a *Henthorn*-Type Inquiry of a Law Enforcement Witness**

In its eleventh motion *in limine*, the Government requests that the Court require the Defense to make a good-faith offer of proof as to any alleged misconduct by a testifying law enforcement witness outside the jury's presence before inquiring about the alleged misconduct before the jury.  Gov't MIL 11 at 1.  Defendant opposes this motion on the basis that it does not "address material issues before the court."  ECF No. 92 at 2.

The Court DEFERS ruling on the Government's Motion *in Limine* No. 11.  The Court does not know whether there will be any impeachment of law enforcement officers.  There is an obligation on the Defense to advise the Government and the Court of any anticipated impeachment evidence for a law enforcement witness in advance.

**L.      Government's Motion *in Limine* No. 12 to Exclude Most Witnesses from the Courtroom**

In its twelfth motion *in limine*, the Government seeks to exclude all but certain witnesses from the courtroom during trial under Rule 615.  Gov't MIL 12 at 1.  The Government specifically requests that its two case agents be permitted to remain in the courtroom throughout trial under Rule 615(c).  *Id.* at 2.  It further requests that any expert(s) that either party intends to call be permitted to be in the courtroom.  *Id.*  Defendant opposes this motion on the basis that it does not "address material issues before the court."  ECF No. 92 at 2.

The Court GRANTS IN PART and DENIES IN PART the Government's Motion *in Limine* No. 12.  The Court will allow any expert(s) to stay in the courtroom during trial.  The Court will allow only one of the Government's case agents to stay in the courtroom during trial.  The Government must have a non-testifying FBI agent display the images in evidence.  The Defense may have its investigator, if any, attend trial as well.

**M.      Government's Motion *in Limine* No. 13 to Govern Attorneys' Conduct at Trial**

In its thirteenth motion *in limine*, the Government seeks an order regarding the conduct of all attorneys at trial.  Gov't MIL 13 at 1.  It requests a Court order prohibiting attorneys from vouching for any witness, making "speaking objections" in the jury's presence, or eliciting any opinion from any witness as to Defendant's guilt or innocence.  *Id.*

United States District Court
Northern District of California

1   The Court DENIES the Government's Motion *in Limine* No. 13.  While the Court agrees

2   that the attorneys should abide by these principles, it declines to order as much on a motion *in*

3   *limine*.

4   **II.   DEFENDANTS' MOTIONS *IN LIMINE***

5   Defendant filed four motions *in limine*.  The Government responded to each motion.  ECF

6   Nos. 99-102.  The Court addresses each motion in turn.

7   **A.   Defendant's Motion *in Limine* No. 1 to Exclude Prior Acts that are Unduly Inflammatory or Unnecessarily Cumulative**

8

9   In Defendant's first motion *in limine*, he asks the Court to exclude "other acts" evidence of

10   (1) all job searches he allegedly conducted; (2) a July 1, 2021 incident in which Defendant

11   allegedly had possession of a cell phone and communicated with girls under age 18; and (3) any

12   letters Defendant wrote to various people or government entities.  Def. MIL 1 at 1-2.  The

13   Government has indicated that it does not intend to use any of the identified evidence in its case-

14   in-chief at trial.  *See* ECF No. 99 at 2-3.  The Government does maintain that the evidence may

15   become relevant and admissible at trial under Rule 608(b) or Rule 404(b) if the Defense puts

16   certain matters at issue.

17   Because the Government does not intend to introduce the identified evidence in its case-in-

18   chief, the Court DEFERS ruling on Defendant's Motion *in Limine* No. 1.

19   **B.   Defendant's Motion *in Limine* No. 2 to Exclude Defendant's Prior Conviction Proffered Pursuant to FRE 414 and 404**

20   In his second motion *in limine*, Defendant requests the Court exclude evidence of his prior

21   conviction.  Def. MIL 2.  The Government opposes the motion.  *See* ECF No. 100.  For the

22   reasons provided as to the Government's Motion *in Limine* No. 2, the Court will allow this

23   evidence under Rule 414 and Rule 403.

24   The Court DENIES Defendant's Motion *in Limine* No. 2.

25   **C.   Defendants' Motion *in Limine* No. 3 to Exclude Evidence of Adult Pornography**

26   In Defendant's third motion *in limine*, he requests that the Court exclude evidence related

27   to adult pornography, including "adult pornography sites, search terms for adult pornography,

28   photos of adult pornography, videos of adult pornography, and statements of adult pornography."

United States District Court
Northern District of California

1   Def. MIL 3 at 1.  The Government has stated that it does not intend to use evidence of adult

2   pornography in its case-in-chief at trial.  *See* ECF No. 101 at 2.  The Government does maintain

3   that it reserves the right to revisit use of this evidence under either Rule 608(b) or Rule 404(b) "if

4   the defense puts the matter at issue and opens the door to cross-examination of a testifying witness

5   on issues relating to adult pornography."  *Id.*

6   Because the Government does not intend to introduce the identified evidence in its case-in-

7   chief, the Court DEFERS ruling on Defendant's Motion *in Limine* No. 3.

8   **D.     Defendant's Motion *in Limine* No. 4 to Exclude Search Terms**

9   In his fourth motion *in limine*, Defendant requests that the Court exclude evidence of

10  search terms from searches that Defendant allegedly conducted on Google, Craigslist, and adult

11  pornographic websites.  Def. MIL 4 at 1-2.  The Government has stated that it does not intend to

12  use evidence of these search terms in its case-in-chief at trial.  *See* ECF No. 102 at 2.  The

13  Government does maintain that the evidence may become relevant and admissible under Rule

14  608(b) or Rule 404(b) if the Defense puts certain matters at issue.  *Id.*

15  Because the Government does not intend to introduce the identified evidence in its case-in-

16  chief, the Court DEFERS ruling on Defendant's Motion *in Limine* No. 4.

17  **IT IS SO ORDERED.**

18

19  Dated:  January 11, 2023

20  _____

21  BETH LABSON FREEMAN
    United States District Judge

22

23

24

25

26

27

28