**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

CHRISTOPHER SCHUETTE,

                Defendant.

Case No.  15-cr-00316-BLF-1
           22-cr-00233-BLF-1

**ORDER FINDING DEFENDANT NOT COMPETENT FOR SENTENCING AND COMMITTING DEFENDANT TO THE CUSTODY OF THE ATTORNEY GENERAL PURSUANT TO 18 U.S.C. § 4241**

      The issue before the Court is whether Defendant Christopher Schuette, who has been convicted but not yet sentenced and who the Court has found is presently incompetent to face sentencing, should be committed to the custody of the Attorney General under 18 U.S.C. § 4241 or 18 U.S.C. § 4244.  The United States filed a statement on the issue, which the Court construed as a motion and permitted Defendant to respond.  *See* 15-cr-316 ECF No. 136 ("Mot."); 22-cr-233 ECF No. 184 (same document).  Defendant filed the response, and the Government filed a reply.  *See* 22-cr-233 ECF No. 187 ("Opp."); *see also* 15-cr-316 ECF No. 138 ("Reply"); 22-cr-233 ECF No. 188 (same document).  The Court heard oral argument on the issue on August 6, 2024.

      For the reasons stated on the record and in this Order, the Court commits Defendant to the custody of the Attorney General pursuant to § 4241.

**I.   BACKGROUND**

      On January 25, 2023, a jury convicted Defendant on one count each of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), and attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b).  22-cr-233 ECF No. 125.  In August 2023, Defendant requested, and the Court ordered, that a psychological examination of Defendant be conducted

pursuant to 18 U.S.C. §§ 4241 and 4247(b).  *See* 22-cr-233 ECF No. 141 (motion for competency evaluation); 22-cr-233 ECF No. 142 (order granting motion).  In early October 2023, Dr. Sudhanva Rajagopal, Psy.D., met with Defendant at Santa Rita Jail and conducted a psychological examination "for the purpose of assessing competency to proceed pursuant to 18 U.S.C. § 4241." 22-cr-233 ECF No. 151-3 ("Rajagopal Rpt.") at 1.  Dr. Rajagopal observed that Defendant ███

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████  *Id.* at 15.  Dr. Rajagopal further noted that the symptoms of these disorders "impact [Defendant's] ability to rationally consult with his attorney in preparation for sentencing, and his ability to rationally weigh the consequences of electing to proceed *pro se*."  *Id.*  Based on his evaluation, Dr. Rajagopal opined that "that Mr. Schuette is not competent to proceed due to symptoms of a mental disease or defect . . . that impair his ability to assist properly in the preparation for his sentencing and to understand the consequences of his choices regarding the sentencing proceeding."  *Id.* at 16.

After Dr. Rajagopal's report was filed, the Government requested, and the Court ordered, a second psychological examination.  22-cr-233 ECF No. 152 (Government motion); 22-cr-233 ECF No. 156 (order granting motion).  Although the original request was that Defendant be transferred to the custody of the Bureau of Prisons ("BOP") for the second examination, the parties later stipulated that a local evaluator would conduct the psychological examination at Santa Rita Jail.  *See* 22-cr-233 ECF No. 158 (approving stipulation).  The Court then granted the parties' stipulation to appoint Dr. Jessica Holliday, MD/MPH, to conduct the psychological examination of Defendant pursuant to 18 U.S.C. §§ 4241 and 4247(b)–(c).  *See* 22-cr-233 ECF No. 161.  In late February 2024, Dr. Holliday met with Defendant at Santa Rita Jail and conducted a psychological examination to assess Defendant's competency for legal proceedings pursuant to 18 U.S.C. § 4241.  22-cr-233 ECF No. 175-3 ("Holliday Rpt.") at 1.  Dr. Holliday similarly observed that Defendant █████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

1   ██████████████████████████████████████████████████████████████

2   ██████████████████████████████████   *Id.* at 1–2 (emphasis omitted).  Based on her

3   evaluation, Dr. Holliday opined that "due to his ████████████████████████████

4   ██████ Mr. Schuette is not competent for sentencing.  He lacks the ability to rationally

5   cooperate with his attorney as a result of his symptoms, in particular, his ██████████████

6   ████████████████████████████████████████████  *Id.* at 2 (emphasis

7   omitted).

8           The Court conducted a competency hearing pursuant to 18 U.S.C. § 4247(d) on March 26,

9   2024.  The Court designated Dr. Rajagopal and Dr. Holliday as expert witnesses, and the Court

10  took their testimony.  *See* 22-cr-233 ECF No. 177 (minute order).  Defendant was not present for

11  that hearing because, according to the United States Marshals Service, he had refused to leave his

12  cell at Santa Rita Jail to be transported to court.  *See id.*  While the Court found that Defendant had

13  waived his right to be present for the testimony of Dr. Rajagopal and Dr. Holliday, it could not

14  render a decision as to Defendant's competence until Defendant was advised of his "constitutional

15  and statutory right to testify at his . . . competency hearing."  *United States v. Gillenwater*, 717

16  F.3d 1070, 1073 (9th Cir. 2013).  The Court therefore scheduled a continued competency hearing

17  for May 7, 2024, and ordered Defendant to be present for that hearing.  Given Defendant's history

18  of refusing transportation to court for proceedings in these cases,[1] the Court authorized the use of

19  reasonable force, if necessary, to compel Defendant's attendance at the continued hearing.  22-cr-

20  233 ECF No. 182.  Defendant attended court without incident.

21          On May 7, Defendant appeared, was advised of his rights, and personally waived his right

22  to testify at the competency hearing.  *See* 22-cr-233 ECF No. 185 (minute order).  The Court then

23  considered evidence under the standard established in *Dusky v. United States*, 362 U.S. 402

24  (1960), and codified in 18 U.S.C. § 4241, which requires an assessment of "whether [the

25  defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of

26  rational understanding—and whether he has a rational as well as factual understanding of the

27  
28  ───────────────────
    [1] *See* Case No. 5:22-cr-00233-BLF, ECF Nos. 12, 148, 164, 166, 168, 177; *see also* Case No.
    5:15-cr-00316-BLF, ECF Nos. 48, 51, 52.

United States District Court
Northern District of California

proceedings against him." *Dusky*, 362 U.S. at 402.  After considering all of the evidence, the Court found by a preponderance of the evidence that Christopher Schuette is presently suffering from a mental disease rendering him mentally incompetent to the extent that he is unable to assist properly in his defense.  The Court did not conclude that Mr. Schuette was unable to understand the nature and consequences of the proceeding against him.  These findings were supported by the expert opinions of both Dr. Holliday and Dr. Rajagopal.

Having found Defendant incompetent for sentencing, the Court next proceeded to consider the Government's motion regarding the applicability of 18 U.S.C. § 4244.  At the hearing on August 6, 2024, the Court heard oral argument, and ordered that Defendant be committed to the custody of the Attorney General under § 4241.  *See* 22-cr-233 ECF No. 192 (minute order).  This Order sets forth the Court's bases for this conclusion.

## II.   LEGAL STANDARD

### A.   Section 4241

Section 4241 is titled "Determination of mental competency to stand trial to undergo postrelease proceedings" and provides that "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant."  18 U.S.C. § 4241(a).  The Court must grant the motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  *Id.*  If, after a hearing, the Court finds by a preponderance of the evidence that the Defendant is incompetent, the Court "shall commit the defendant to the custody of the Attorney General."  *Id.* § 4241(d).  The statute then directs the Attorney General to hospitalize the defendant:

> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

> (2) for an additional reasonable period of time until--

> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
> (B) the pending charges against him are disposed of according to law;

> whichever is earlier.

*Id.* If, at the end of the relevant period, "the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248." *Id.* Section 4246 details the civil commitment procedure for a person in the custody of the Attorney General that "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." *Id.* § 4246(a), (d). Section 4248 details the civil commitment procedure for a person in the custody of the Attorney General that "is a sexually dangerous person." *Id.* § 4248(a), (d).

### B.   Section 4244

Section 4244 is titled "Hospitalization of a convicted person suffering from mental disease or defect" and provides that:

> A defendant found guilty of an offense, or the attorney for the Government, may, within ten days after the defendant is found guilty, and prior to the time the defendant is sentenced, file a motion for a hearing on the present mental condition of the defendant if that motion is supported by substantial information indicating that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility.

18 U.S.C. § 4244(a). The Court must grant the motion "if it is of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." *Id.* If, after a hearing, the Court finds by a preponderance of the evidence that "the defendant is presently suffering from a mental disease or defect and that he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or treatment, the court shall commit the defendant to the custody of the Attorney General." *Id.* § 4244(d). The statute then

directs the Attorney General to hospitalize the defendant for care or treatment in a suitable facility. *Id.* Commitment of the defendant under § 4244 "constitutes a provisional sentence of imprisonment to the maximum term authorized by law for the offense for which the defendant was found guilty." *Id.* If "the director of the facility in which the defendant is hospitalized . . . determines that the defendant has recovered from his mental disease or defect to such an extent that he is no longer in need of custody for care or treatment in such a facility" and the defendant's provisional sentence has not expired, the Court shall proceed to sentencing and may modify the provisional sentence. *Id.* § 4244(e).

## III.    DISCUSSION

The Government argues that the Court should commit Defendant to the custody of the Attorney General under § 4244, rather than § 4241, because "Section 4244 applies to all mentally ill *convicted* defendants, including the incompetent, and Section 4241 applies to the same class of defendants who are *awaiting trial*." Mot. at 9. Defendant argues that the Court should commit Defendant to the custody of the Attorney General under § 4241 and that the Government's distinction between pre- and post-trial treatment of incompetent individuals is atextual and inconsistent with other courts that have considered the two statutory provisions. Opp. at 3–6.

The Court begins, as it must, with the statutory text. "[W]hen the statutory language is plain, we must enforce it according to its terms." *Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 738 (9th Cir. 2024) (alteration in original) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009)). "[U]nless otherwise defined, words will be interpreted as taking their ordinary . . . meaning . . . at the time Congress enacted the statute." *Id.* (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979)). The Government attempts to draw a distinction between § 4241 and § 4244 by limiting § 4241 to pre-trial proceedings and § 4244 to post-trial proceedings. *See* Mot. at 9. However, this reading is contrary to the plain text of these provisions, which indicates that both provisions would apply to the post-conviction and pre-sentencing stage of proceedings. *See* 18 U.S.C. § 4241(a) (stating that a motion may be brought "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant"); 18 U.S.C. § 4244(a) (stating that a motion may be brought "within ten days after the defendant is found guilty, and

1    prior to the time the defendant is sentenced").  Thus, the Court agrees with Defendant that the

2    Government's reading of § 4241 and § 4244 is contrary to a plain reading of the statutes.

3         Whether § 4241 or § 4244 applies to this case turns not on the stage of proceedings but on

4    the findings that the Court must make.  Section 4241 asks the Court to determine whether "the

5    defendant is presently suffering from a mental disease or defect rendering him mentally

6    incompetent to the extent that he is unable to understand the nature and consequences of the

7    proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(d).  This section

8    codifies the competency standard established by the Supreme Court in *Dusky v. United States*, 362

9    U.S. 402 (1960) (per curiam).  *See* S. Rep. No. 98-225, at 236 (1983), *as reprinted in* 1984

10   U.S.C.C.A.N. 3182, 3418 (noting that § 4142(d) "in essence, adopts the standards set forth by the

11   Supreme Court in *Dusky v. United States*").  In *Dusky*, the Supreme Court stated that the test for

12   competency is "whether [the defendant] has sufficient present ability to consult with his lawyer

13   with a reasonable degree of rational understanding—and whether he has a rational as well as

14   factual understanding of the proceedings against him."  *Dusky*, 362 U.S. at 402.  Section 4244 asks

15   a different question.  Rather than determining whether the defendant is competent, the Court must

16   determine whether "the defendant is presently suffering from a mental disease or defect and that

17   he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care

18   or treatment."  18 U.S.C. § 4244(d).  Importantly, commitment under § 4244 "constitutes a

19   provisional sentence of imprisonment to the maximum term authorized by law for the offense for

20   which the defendant was found guilty."  *Id.*

21        The Court finds that this statutory text is unambiguous—§ 4241 requires the Court to

22   determine whether the defendant is incompetent, and when the defendant is not found to be

23   incompetent, § 4244 requires the Court to determine whether the defendant suffers from a mental

24   disease or defect that requires commitment to a suitable facility for care or treatment.  The plain

25   text of § 4241 mirrors the language of the competency standard established in *Dusky*, and thus,

26   when invoked, requires a competency determination.  In comparison, the plain text of § 4244 does

27   not use the same competency language from *Dusky*, which evinces clear legislative intent that

28   § 4244 requires findings that are distinct from a competency determination.  "One of the most

United States District Court
Northern District of California

1    common tools of statutory construction is this: 'Where Congress includes particular language in

2    one section of a statute but omits it in another section of the same Act, it is generally presumed

3    that Congress acts intentionally and purposefully in the disparate inclusion or exclusion.'" *Medina*

4    *Tovar v. Zuchowski*, 982 F.3d 631, 635 (9th Cir. 2020) (quoting *Nken v. Holder*, 556 U.S. 418,

5    430 (2009)).

6            This reading of §§ 4241 and 4244 is consistent with the holdings of every other court to

7    directly address this issue.  For example, in *United States v. Chaudhry*, 646 F.Supp.2d 1140 (N.D.

8    Cal. 2009), the defendant moved to undergo psychiatric evaluation in the post-conviction and pre-

9    sentencing stage of his case and was found mentally incompetent.  *Id.* at 1142.  The government

10   argued that the defendant should be committed under § 4244, rather than § 4241.  *Id.*  The court

11   disagreed.  After considering the plain text of both sections and the legislative history and

12   statutory scheme, the court held that the two sections "apply to independent inquiries": § 4241

13   applies to a competency determination, while § 4244 applies to a defendant "found to be

14   competent but suffering from a mental disease or defect."  *Id.* at 1149.  Similarly, in *United States*

15   *v. Morris*, 550 F.Supp.2d 1290 (M.D. Ala. 2008), after the defendant was convicted and prior to

16   sentencing, the defendant was found to be mentally incompetent to undergo sentencing.  *Id.* at

17   1291.  When confronted with the issue of whether the defendant should be committed under

18   § 4241 or § 4244, the court noted that the two sections "have two different roles" and stated that

19   § 4241 "governs how the court should treat a convicted defendant found to be *mentally*

20   *incompetent* to be sentenced," while § 4244 "governs how a court should sentence a convicted

21   defendant who, while *mentally competent* to be sentenced, still suffers from a mental disease or

22   defect and is in need of care or treatment in a facility."  *Id.* at 1294 (citing *United States v.*

23   *Roberts*, 915 F.2d 889, 891–92 (4th Cir. 1990)).  Finally, in *United States v. Gigante*, 996 F.Supp.

24   194 (E.D.N.Y. 1998), the defendant was convicted and moved for an order of commitment to the

25   custody of the Attorney General pursuant to § 4241.  *Id.* at 196.  The court engaged in a thorough

26   discussion of the standards that govern the treatment of a mentally ill defendant at sentencing.  *See*

27   *id.* at 196–99.  In addition to concluding that the *Dusky* standard and § 4241 applied in the post-

28   conviction and pre-sentencing stage of a case, the court observed that "[m]ental illness is not

United States District Court
Northern District of California

8

1   equivalent to mental incompetence" and that "[w]hen mental illness is present to a sufficient

2   degree, a defendant who is mentally infirm may be provisionally sentenced pursuant to [§ 4244]."

3   *Id.* at 198–99.  The court ultimately denied the defendant's motion pursuant to § 4241 and noted

4   that "[w]hether [the defendant] should be sentenced provisionally will be determined at

5   sentencing."  *Id.* at 199.

6           This distinction between inquiries also has due process implications.  The competency

7   inquiry captured in *Dusky* and § 4241 "reflects a careful analysis of constitutional due process

8   standards."  *Chaudhry*, 646 F.Supp.2d at 1149.  Sentencing is a "critical stage of the criminal

9   process," at which a defendant continues to be entitled to due process protection.  *See Boardman*

10  *v. Estelle*, 957 F.2d 1523, 1525 (9th Cir. 1992), *as supplemented on denial of reh'g* (Mar. 11,

11  1992).  The temporal limits on commitment identified in § 4241(d) were written "in response to

12  the Supreme Court's decision in *Jackson v. Indiana*," in which the Supreme Court held that

13  commitment of a criminal defendant for "more than the reasonable period of time necessary to

14  determine whether there is a substantial probability that he will attain [ ] capacity in the

15  foreseeable future" violated the defendant's due process rights.  *United States v. Quintero*, 995

16  F.3d 1044, 1051 (9th Cir. 2021) (alteration in original) (quoting *Jackson v. Indiana*, 406 U.S. 715,

17  738 (1972)).  Section 4244 does not include similar temporal limits and in fact states that

18  commitment under § 4244(d) is "a provisional sentence of imprisonment to the maximum term

19  authorized by law for the offense."  18 U.S.C. § 4244(d).  Although the Government notes that

20  defendants in the post-conviction and pre-sentencing stage of litigation have more limited liberty

21  interests, Mot. at 6, the Government has failed to point the Court to any authority that would

22  support the conclusion that provisionally sentencing an incompetent defendant to the maximum

23  term authorized by law comports with due process.  Accordingly, due process considerations

24  counsel in favor of applying § 4241, rather than § 4244, to the commitment of an incompetent

25  defendant.

26          The Government's arguments to the contrary are unavailing.  The Government argues that

27  the legislative history counsels in favor of applying § 4244, Mot. at 8–9, but the legislative history

28  is at best ambiguous as to whether § 4244 applies to competency because it does not mention

United States District Court
Northern District of California

United States District Court
Northern District of California

1   "competency" or the *Dusky* standard with respect to § 4244.  *See Chaudhry*, 646 F.Supp.2d at

2   1148–49 (rejecting a similar argument).  Moreover, the Court need not look to the legislative

3   history because it finds that the statutory language is unambiguous.  *See Haro v. City of Los*

4   *Angeles*, 745 F.3d 1249, 1257 (9th Cir. 2014).  The Government also argues other courts have

5   approved the application of § 4244 to incompetent defendants, Mot. at 10, but not a single case

6   cited by the Government directly addresses the distinction between § 4241 and § 4244.  Instead,

7   those cases assume that § 4244 applies without analysis.  The Court is more persuaded by the

8   courts that have addressed the distinction between the two sections and have uniformly reached

9   the conclusion that the two sections apply to distinct inquiries.  Finally, the Government argues

10  that applying § 4241 is preferable because it would avoid perverse incentives, unjust results, and

11  would allow appellate review.  Mot. at 11–13; Reply at 4–5.  These are policy arguments better

12  left for Congress, and as such do not provide the Court with any justification for departing from

13  unambiguous language and the clear weight of authority.

14          In light of the Court's holding that § 4241 requires a determination of competency and

15  § 4244 requires a determination that a competent defendant suffers from a mental disease or

16  defect, the Court finds that § 4241 must apply to Defendant.  The Court was presented with the

17  independent evaluations of two medical experts, who both concluded that Defendant suffers from

18  a mental disease or defect that renders him mentally incompetent to the extent that he is unable to

19  assist properly in his defense.  *See* Rajagopal Rpt. at 16 (noting that Defendant's mental disease or

20  defect "impair[s] his ability to assist properly in the preparation for his sentencing"); Holliday Rpt.

21  at 2 (noting that Defendant "lacks the ability to rationally cooperate with his attorney as a result of

22  his symptoms").  The Court concluded based on this evidence that Defendant is not competent to

23  face sentencing because he is presently unable to assist properly in his defense.  This

24  determination falls squarely under § 4241, and as such the Court will commit Defendant under

25  § 4241.  The Court further finds that it cannot commit Defendant under § 4244.  As the Court

26  noted above, the Court finds no basis for the commitment of an incompetent defendant under

27  § 4244.  Accordingly, the Court ORDERS that Defendant be committed to the custody of the

28  Attorney General pursuant to § 4241.

**IV.     ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.      Defendant Christopher Schuette is presently suffering from a mental disease rendering him mentally incompetent to the extent that he is unable to assist properly in his defense.

2.      The United States' motion that Defendant Christopher Schuette should be committed to the custody of the Attorney General under 18 U.S.C. § 4244 (15-cr-316 ECF No. 136; 22-cr-233 ECF No. 184) is DENIED.

3.      Defendant Christopher Schuette SHALL be committed to the custody of the Attorney General for hospitalization for treatment in a suitable facility pursuant to 18 U.S.C. § 4241.

4.      No later than four months from the day that Defendant is hospitalized for treatment in a suitable facility, a member of the staff of the facility to which Defendant has been designated shall submit to the Court and the Parties a report regarding Defendant's mental competency.  The report must address whether Defendant is competent to be sentenced or, if he is not, "whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward."  18 U.S.C. § 4241(d)(1).  The report must also address whether an "additional reasonable period of time" is required for treatment to restore Defendant to competency to be sentenced.  *Id.* § 4241(d)(2).

5.      In light of Defendant's history of refusing transportation to court for proceedings in these cases, personnel from the United States Marshals Service may, if necessary, use reasonable force to extract Mr. Schuette from his cell at Santa Rita Jail to facilitate his transportation to the facility to which he is designated for hospitalization for treatment.  However, the United States Marshals Service shall first inform Defendant that he has been ordered to be transported for that purpose, and must give Defendant an opportunity to comply with the Court's order voluntarily.

Dated:  August 15, 2024

BETH LABSON FREEMAN
United States District Judge