United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

USA,

        Plaintiff,

      v.

CHRISTOPHER SCHUETTE,

        Defendant.

Case Nos.  15-cr-00316-BLF-1
              22-cr-00233-BLF-1

**ORDER DENYING MOTIONS TO NEGATE AND NULLIFY SENTENCING; GRANTING MOTION TO BE REPRESENTED AS A PERSON RATHER THAN A CORPORATION; AND DENYING MOTION FOR DISMISSAL**

[Re: ECF Nos. 240, 243, 246, 248] [1]

Before the Court are four motions submitted by Defendant Christopher Schuette: (1) a Motion to Negate and Nullify Sentencing on Grounds of Critical Errors and "Due Process" Violations; (2) a Motion to Negate and Nullify Sentencing on Grounds of "Witness Perjury" during "Competency Hearing" and Fabrication of "Count 2"; (3) a Motion to be Represented as a Person Rather Than a Corporation for Case "5:22-cr-00233-BLF"; and (4) a Motion for Dismissal of Case "5:22-cr-00233-BLF" on Grounds of Repeated 5th Amendment ("Due Process") Violations.  ECF No. 240; No. 243; ECF No. 246; ECF No. 248.[2]  The Government filed a consolidated response.  *See* ECF No. 257 ("Opp.").  The Court heard argument and issued oral rulings on each of the four motions at the sentencing hearing.  For the reasons stated by the Court on the record and summarized below, the Court DENIES the Motions to Negate and Nullify Sentencing, GRANTS the Motion to be Represented as a Person Rather than a Corporation, and

---

[1] All citations herein to "ECF No." refer to the docket in Case No. 22-cr-00233-BLF.
[2] The Court considered these motions filed in Case No. 22-cr-00233-BLF in determining sentencing on the supervised release violations in Case No. 15-cr-00316-BLF.

United States District Court
Northern District of California

DENIES the Motion for Dismissal.

## I.    MOTIONS TO NEGATE AND NULLIFY SENTENCING

In connection with his motions to negate and nullify sentencing, Mr. Schuette asserts that the Court (1) cannot sentence him and (2) must either dismiss his case or order him re-evaluated for competency.  ECF No. 240; ECF No. 243.

Mr. Schuette's first motion to negate and nullify sentencing raises a series of arguments in support of this conclusion.  *See* ECF No. 240.  He contends that Dr. Lashawn Freeman—a forensic psychologist employed by the Bureau of Prisons ("BOP") who testified at Mr. Schuette's competency hearing on October 7, 2025—"lied under oath."  *Id.* at 1.  Mr. Schuette further argues that he was improperly transferred out of the facility where he was being treated prior to his competency hearing; due process requires him to have been sentenced within 18 months of his conviction; his prior motion for dismissal, ECF No. 230, was affirmed by default because the Court did not timely rule on it; and his being held at an institution located outside of the Northern District of California is improper.  *Id.* at 1–2.  Mr. Schuette's first motion to negate and nullify sentencing is DENIED for two reasons: (1) Mr. Schuette was represented by Counsel when he submitted this motion, so the Court need not consider it, *see United States v. Bergman,* 813 F.2d 1027, 1030 (9th Cir. 1987), and (2) Mr. Schuette's arguments duplicate those articulated in his second motion to negate and nullify sentencing, which the Court evaluates below.

In his second motion to negate and nullify sentencing, Mr. Schuette again contends that Dr. Freeman "lied under oath," rendering her testimony "inadmissible" and Mr. Schuette "not competent to be sentenced."  ECF No. 243 at 1.  Mr. Schuette urges that Dr. Freeman lied when she testified that Tourette syndrome is rare, when, in fact, it is common.  *Id.*  In response, the Government contends that Mr. Schuette's argument rests on an incorrect recollection of Dr. Freeman's testimony.  Opp. at 3.  As the Government accurately explains, Dr. Freeman did not state that Tourette syndrome is very rare.  She instead testified that Tourette syndrome does not bear on competency, and, as a consequence, she sees it rarely in connection with her work.[3]  *See*

---

[3] Even assuming, *arguendo*, that Dr. Freeman had made an inaccurate statement in her testimony, the Court would not consider it perjury and would instead characterize that statement as part of her

ECF No. 217 at 8 & n.2; ECF No. 223 at 8 & n.2.  Mr. Schuette has not offered the Court any persuasive reason to reconsider its finding that Mr. Schuette is competent to be sentenced, and the Court will not disturb its conclusion.

Second, Mr. Schuette contends that the Government "fabricated Count 2" of the superseding indictment, which demonstrates "'malice' and 'bad faith'" and "proves under the law and Constitution [that he] cannot legally be sentenced."  ECF No. 243 at 2.  The Government asserts that such a motion is untimely and lacks merit.  Opp. at 3–5.  Construing Mr. Schuette's argument as an assertion of prosecutorial misconduct at trial in support of a motion (i) to dismiss the superseding indictment; (ii) for a judgment of acquittal; and/or (iii) for a new trial, the Court agrees with the Government that such a motion is untimely.  *See* Fed. R. Crim. P. 12(b)(3) (motion alleging a "defect in the indictment" "must" be raised before trial); Fed. R. Crim. P. 29(c)(1) (motion for judgment of acquittal due "within 14 days after a guilty verdict"); Fed. R. Crim. P. 33(b) (motion for new trial "must be filed within 14 days after the verdict or finding of guilty" or "within 3 years after the verdict or finding of guilty" if "grounded on newly discovered evidence").  Even assuming timeliness of filing the motion, it is without merit.

Mr. Schuette argues that "the statute is 'coercion and enticement,' not 'attempted enticement of a Minor.'"  ECF No. 243 at 2.  18 U.S.C. § 2422, entitled "Coercion and enticement," makes it a crime to "knowingly persuade[], induce[], entice[], or coerce[] any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempt[] to do so."  The superseding indictment alleged that Mr. Schuette "did knowingly persuade, induce, entice and coerce any individual, who had not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, and attempted to do the same."  ECF No. 39 at 3.  The jury instruction, given in the disjunctive, also tracked the language of the statute.  ECF No. 123 at 31.  The verdict form described Count Two as charging "Attempted Enticement of a Minor."  ECF No. 125 at 2.  Because, as the Government correctly explains, "[t]he government

opinion as an expert.

United States District Court
Northern District of California

United States District Court
Northern District of California

may charge in the conjunctive and prove in the disjunctive," *United States v. Robertson*, 895 F.3d 1206, 1219 (9th Cir. 2018), the Court finds no merit in Mr. Schuette's argument, let alone malice or bad faith on the part of the Government.  In sum, Mr. Schuette's second motion to negate and nullify sentencing, ECF No. 243, is DENIED.

## II.    MOTION TO BE REPRESENTED AS A PERSON RATHER THAN A CORPORATION

Mr. Schuette has filed a motion to be represented as a person rather than a corporation. ECF No. 246.  He contends that because his name appears in all capital letters on legal documents, he is being referred to as a "corporate 'strawman.'"  *Id.*  The Government agrees that Mr. Schuette is a person and "is not aware of any corporations having been opened in the defendant's name, nor of the defendant's name being used as a corporation."  Opp. at 5.  The Government accordingly "takes no position on this motion."  *Id.*  The Court assures Mr. Schuette that all agree that he is a person who is entitled to the respect and dignity of a human being—and all agree that he is not a corporation.  To the extent Mr. Schuette is concerned about his name appearing in all capital letters, the Court notes that this convention is merely a formatting practice in court documents. Mr. Schuette's motion to be represented as a person rather than a corporation is GRANTED.

## III.    MOTION FOR DISMISSAL

Mr. Schuette's motion for dismissal of Case No. 22-cr-00233 raises a litany of issues.  *See* ECF No. 248.  Mr. Schuette asserts that (1) the undersigned obstructed justice and tampered with evidence because he did not timely receive the case file; (2) his prior motion to negate and nullify sentencing, *see* ECF No. 240, has been affirmed by default as it has not been timely ruled on; (3) he has filed three other motions since February 3, 2026, and has not received responses thereon; (4) information is being "deliberately with[held]" from him and he was twice denied access to the law library; (5) the Court's determination that he was competent to be sentenced exceeded the statute of limitations; (6) he was improperly removed from the institution where Dr. Freeman conducted her competency evaluation; (7) Dr. Freeman was permitted to lie under oath; and (8) the undersigned has no credibility and a disregard for the law.

At the hearing, Mr. Schuette withdrew his arguments alleging bias or misconduct on the

United States District Court
Northern District of California

part of the undersigned, so the Court need not consider that issue.  Insofar as Mr. Schuette asserts Case No. 22-cr-233 is subject to dismissal as a consequence of the alleged due process violations, he has not met the "extremely high standard" of showing that any alleged conduct is "so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Hullaby*, 736 F.3d 1260, 1262 (9th Cir. 2013) (quoting *United States v. Smith*, 924 F.2d 889, 897 (9th Cir. 1991)).  As the Government correctly states, Opp. at 8–9, and as the Court explained on the record at the hearing, the alleged due process violations are either factually incorrect or legally unsupported.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Mr. Schuette's Motions to Negate and Nullify Sentencing, ECF Nos. 240 and 243, are DENIED.

(2) Mr. Schuette's Motion to be Represented as a Person Rather Than a Corporation for Case "5:22-cr-00233-BLF," ECF No. 246, is GRANTED.

(3) Mr. Schuette's Motion for Dismissal of Case "5:22-cr-00233-BLF" on Grounds of Repeated 5th Amendment ("Due Process") Violations, ECF No. 248, is DENIED.

Dated:  March 24, 2026

_____
BETH LABSON FREEMAN
United States District Judge